United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY WARRICK, | § | |
| *Petitioner,* | § § § | |
| v. | § § | Civil Action No. H-22-3655 |
| BOBBY LUMPKIN, | § § § | |
| *Respondent.* | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging the constitutionality of his 2022 conviction and seventeen-year sentence for evading arrest or detention with a motor vehicle. Respondent filed an answer with a motion to dismiss. (Docket Entry No. 17.) Petitioner has not filed a response and the motion is unopposed.

Having considered the petition, the answer, the motion to dismiss, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this habeas lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

On May 3, 2022, petitioner pleaded guilty pursuant to a written plea bargain agreement to evading arrest or detention with a motor vehicle in Montgomery County, Texas, and was sentenced to a seventeen-year term of imprisonment. No direct appeal was taken.

Petitioner's application for state habeas relief, filed with the trial court on July 29, 2022, was denied by the Texas Court of Criminal Appeals on September 28, 2022.

Petitioner filed the instant habeas proceeding on October 21, 2022, raising the following claims for habeas relief:

1. The State failed to provide notice of its intent to seek a deadly weapon finding; and

2. The State failed to specifically identify the name of the instrument used as a deadly weapon.

Respondent argues that these claims were waived by petitioner's written guilty plea and, in the alternative, are refuted by the record.

## III. LEGAL STANDARDS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a

decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

However, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–103 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31. This presumption of correctness extends not only to express factual findings, but also to implicit or unarticulated findings which are necessary

to the state court's conclusions of mixed law and fact. *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018).

### III. ANALYSIS

Petitioner contends he is entitled to habeas relief because the State failed to provide notice of its intent to seek a deadly weapon finding and failed to identify the deadly weapon. Petitioner does not directly challenge the voluntariness of his plea.

As correctly argued by respondent, petitioner's claims were waived by his written guilty plea. The criminal information filed against petitioner alleged that he

> did then and there intentionally flee from B. RICHARD, a person the defendant knew was a peace officer attempting lawfully to arrest or detain the defendant, and the defendant used a vehicle while the defendant was in flight,
>
> And it is further presented that during the commission of the offense or immediate flight therefrom, the Defendant did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle[.]

(Docket Entry No. 18-6, p. 5.) Petitioner pleaded guilty to the charges and waived his right to object to the evidence or pursue an appeal. *Id.*, pp. 5–8. By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261–62 (5th Cir. 2013). Consequently, petitioner's assertions of lack of notice of the intended deadly-weapon finding or identification of the intended deadly weapon were waived by his guilty plea and present no grounds for federal habeas relief.

Respondent also correctly argues that petitioner's claims lack merit and are refuted in the state court record. In rejecting petitioner's claims on state collateral review, the state trial court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The applicant was charged by information with evading arrest in a motor vehicle. The information further alleged that during commission of the offense, the applicant used or exhibited a motor vehicle as a deadly weapon. The State also filed notice of its intent to use one prior felony conviction for punishment enhancement purposes.

2. Pursuant to a plea agreement, on May 3, 2022, the applicant pleaded guilty to the charged offense, true to the deadly weapon allegation, and true to the enhancement paragraph. In accordance with the plea agreement, this Court sentenced the applicant to imprisonment for seventeen years.

3. On July 29, 2022, the applicant filed his first application for writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure in the above-numbered cause, asserting two grounds for relief.

4. *The information filed in this case alleges that the applicant used or exhibited his motor vehicle as a deadly weapon during commission of the charged offense.*

### CONCLUSIONS OF LAW

1. There remain no previously unresolved issues of fact material to the legality of the applicant's conviction and sentence, and an evidentiary hearing is not required.

2. *The applicant received sufficient notice of the State's intent to prove that he used or exhibited his motor vehicle as a deadly weapon during commission of the offense.*

  3. The applicant's evidentiary sufficiency allegation is not cognizable.

(Docket Entry No. 18-6, pp. 73–74, case citations omitted, emphasis added.) The Texas Court of Criminal Appeals expressly relied on these findings of fact and conclusions of law in denying habeas relief. (Docket Entry No. 18-3, ordering the habeas petition "[d]enied without written order on findings of trial court without hearing and on the court's independent review of the record.").

  The state trial court expressly found that the information in petitioner's criminal case alleged that he used or exhibited his motor vehicle as a deadly weapon during commission of the offense. The state trial court further expressly held that petitioner received sufficient notice of the State's intent to prove that he used or exhibited his motor vehicle as a deadly weapon during commission of the offense. The state trial court's finding of fact and conclusion of law are supported in the state court record, and petitioner's conclusory claims present nothing to the contrary.

  The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of petitioner's habeas claims.

## IV.  CONCLUSION

Respondent's motion to dismiss (Docket Entry No. 17) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 5th day of July, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE